UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIA GONZALEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>ABDIKADIR A. IBRAHIM,<br>MZ CARGO, INC.,<br>GREYHOUND LINES, INC.,<br>RAYMOND C. PARADISE,<br>AMERICANOS U.S.A., LLC.,<br>RYDER TRUCK RENTAL, INC.,<br>ILOCA SERVICES, INC.,<br>EVERRETT JENNINGS SHARP,<br>RICHARD, INC., and<br>RICHARD WOLFE TRUCKING, INC.,<br><br>      Defendants. | Case No. 24-cv-00715-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Ryder Truck Rental ("Ryder")'s Motion for Partial Summary Judgment (Doc. 70). Ryder asks the Court to dismiss Count 6 of Plaintiff Maria Gonzalez's amended complaint because it is barred by the Graves Amendment. Plaintiff filed a response that requests the Court deny the motion and grant her leave to amend her complaint to add a claim of negligent entrustment against Ryder (Doc. 72). Ryder filed a reply (Doc. 75).

I.  **BACKGROUND**

This case arises from a motor-vehicle accident that occurred on July 12, 2023, in Madison County, Illinois. Plaintiff alleges that she sustained injuries when a Greyhound bus upon which she was a passenger collided with several tractor-trailers unlawfully parked along the exit ramp to a rest area. On July 27, 2023, she filed a complaint against four defendants in the Madison County Circuit Court. The four defendants removed the case to this Court on March 12,

2024. On July 24, 2025, Plaintiff filed an amended complaint that added six defendants, including Ryder. Count 6 of Plaintiff's amended complaint alleges that Ryder is vicariously liable for the actions of Defendant Abdikadir A. Ibrahim ("Ibrahim") because it "owned, operated, leased, controlled and/or maintained" the tractor trailer that he was operating when he "illegally parked on the exit ramp of the Silver Lake Rest Area in Madison County, Illinois."

The undisputed facts are as follows. Ryder is engaged in the trade or business of renting or leasing motor vehicles throughout the United States, including Illinois. On or about April 28, 2015, Ryder executed a Truck Lease & Service Agreement ("the Lease") with Defendant DM World Transportation ("DM World"). The transaction was part of Ryder's ordinary leasing operations, in which Ryder provides commercial tractors to lessees and does not control day-to-day usage. Under the Lease, Ryder leased a 2019 Freightliner Cascadia tractor, VIN 3AKJHHDR9KSKP9922 ("the Tractor"), unit 815027, to DM World. DM World subleased or otherwise provided the Tractor to Defendant MZ Cargo, which employed the driver, Ibrahim. Ryder did not hire, train, supervise, or pay Ibrahim. Ryder had no knowledge or involvement regarding Ibrahim's route planning, rest periods, or the decision to park on a highway shoulder to an exit ramp. Ryder did not direct Ibrahim where to park the Tractor, nor did Ryder maintain day-to-day operational control over DM World or MZ Cargo.

## II.    LEGAL STANDARD

### A.    Summary Judgment Standard:

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v.*

2

*Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing FED. R. CIV. P. 56(a)); *accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. In assessing a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 900 (7th Cir. 2011). However, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (internal quotations and citations omitted).

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the nonmoving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. First, it may present evidence that affirmatively negates an essential element of the nonmoving party's case. *See* FED. R. CIV. P. 56(c)(1)(A). Second, it may point to an absence of evidence to support an essential element of the nonmoving party's case without submitting any evidence. *See* FED. R. CIV. P. 56(c)(1)(B). Where the moving party fails to meet its strict burden, the Court cannot enter summary judgment for the moving party even if the opposing party fails

to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

### III. ANALYSIS

    A. Graves Amendment:

The purpose of the Graves Amendment is "to protect rental companies who are sued simply because they own a vehicle that was involved in an accident." *Johnke v. Espinal-Quiroz*, No. 14-CV-6992, 2016 WL 454333, at *8 (N.D. Ill. Feb. 5, 2016). Courts have held that it constitutes an express preemption of state laws. *See Gruver v. Montesa Express, Inc.*, No. 1:21-CV-1210, 2024 WL 1913113, at *11 (C.D. Ill. May 1, 2024); *Guinn v. Great W. Cas. Co.*, No. CIV-09-1198-D, 2010 WL 4811042, at *3 (W.D. Okla. Nov. 19, 2010) (collecting cases).

The Graves Amendment states, in relevant part:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if–
>
>     (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
>     (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106. In other words, under the Graves Amendment, an "owner of a motor vehicle that rents or leases the vehicle" cannot be held liable "by reason of being the owner of the vehicle" if two conditions are met: (1) the owner is engaged in the business of renting or leasing vehicles, and (2) there is no proof of negligence or criminal wrongdoing on the part of the owner. *Id.* For the second prong, courts are split on whether the statute is an outright bar to all vicarious

liability against a lessor or if it allows vicarious liability claims only if the lessor has acted directly negligent. *See Parker v. Auto-Owners Ins. Co.*, No. 19-CV-374-JDP, 2020 WL 488366, at *2 (W.D. Wis. Jan. 30, 2020) (addressing the split). However, in either scenario, Plaintiff must show evidence of negligence on the part of Ryder. *See Gruver*, 2024 WL 1913113, at *11.

The Court finds that both prongs of the Graves Amendment are met. The undisputed facts show that Ryder's core business is the leasing and rental of motor vehicles, including commercial tractors. Therefore, it clearly meets the first requirement. In addition, Plaintiff has not shown any evidence of negligence on the part of Ryder. In fact, her amended complaint does not even attempt to allege that Ryder was negligent. Her claim against Ryder hinges on the assertion that Ryder, as owner/lessor of the Tractor, should bear liability for the alleged improper parking of the Tractor. In short, it is a vicarious liability claim. Plaintiff acknowledges that her amended complaint does not contain allegations of direct negligence of Ryder. But she argues that, since it is her intention to seek leave to amend her complaint to add a claim of negligent entrustment against Ryder, the Court should deny the motion. The Court rejects Plaintiff's argument.

Federal Rule of Civil Procedure 15(a) instructs that this Court "should freely give leave [to amend] when justice so requires." In other words, leave should be granted "unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court declines to give Plaintiff leave to amend for two reasons. First, it finds that there has been undue delay. The

Court set the final amendment deadline as November 4, 2024. After that deadline passed, Plaintiff never moved for leave to amend. Then, six months later, she seeks to inject an unpleaded theory through a response brief. The parties engaged in discovery for over a year before Plaintiff filed her response brief. Therefore, she had extensive opportunity to seek leave to add a negligent entrustment claim against Ryder. Her failure to do so is an undue delay.

Second, it concludes that the amendment would be futile. Plaintiff has not asserted facts to show that she can state a claim for negligent entrustment. Negligent entrustment "arises where a person entrusts an automobile to another whose incompetency is known or should be known to the entruster and the incompetence of the person receiving the automobile causes injury to another." *Taitt v. Robinson*, 639 N.E.2d 893, 895 (Ill. App. Ct. 1994). It requires Plaintiff to show that Ryder entrusted the Tractor to Ibrahim, and at the time Ryder entrusted the Tractor to him, it knew or should have known that he was incompetent. Plaintiff cannot establish either. The undisputed evidence shows that Ryder did not entrust the Tractor to Ibrahim. It leased the Tractor to DM World, which in turn permitted MZ Cargo to operate the Tractor. Plaintiff points to numerous provisions of the Lease to establish that Ryder gave "at least implied permission to Ibrahim to use its vehicle in a manner involving unreasonable risk of harm to others." This conclusion is based entirely on speculation and conjecture. However, even if the statement is true, Plaintiff has not alleged that Ryder knew or should have known that Ibrahim was incompetent. Therefore, Plaintiff cannot make out a claim of negligent entrustment. Since there is no evidence of negligence on the part of Ryder, the second requirement of the Graves Amendment is met.

**IV.   CONCLUSION**

The Court finds that Plaintiff's claim against Ryder is barred by the Graves Amendment because Ryder is engaged in the business of renting or leasing vehicles and there is no proof of negligence on the part of Ryder. It declines to give Plaintiff leave to amend her complaint to add a claim of negligent entrustment against Ryder because there has been undue delay, and the amendment would be futile. As such, the Court GRANTS Defendant Ryder Truck Rental's Motion for Partial Summary Judgment (Doc. 70). The Clerk of Court is DIRECTED to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED**: **November 24, 2025**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **United States District Judge**